UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,  :   CASE NO. 1:14-CR-263
:
      Plaintiff,  :
:
  vs.  :   OPINION & ORDER
:   [Resolving Doc. 26]
JUSTIN E. SLOAN,  :
:
      Defendant.  :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Justin Sloan has filed a *pro se* motion for the return of $640.00 in cash that was confiscated during his arrest.[1]

"The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated."[2] Federal Rule of Criminal Procedure 41(g) allows a "person aggrieved by . . . the deprivation of property" to "move for the property's return."[3] The movant bears the burden of showing entitlement to the property.[4]

Sloan fails to show that he is entitled to the money confiscated during his arrest. On August 20, 2014, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized $640.35 in cash when they arrested Defendant Sloan and Co-Defendant Aaron Correa. According to the ATF's investigation report, however, the ATF seized the cash from Correa, not

---

[1] Doc. 26.
[2] *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981).
[3] Fed. R. Crim. P. 41(g).
[4] *See* 3A Charles A. Wright et al., *Federal Practice and Procedure* § 690 (4th ed. 2016).

Case No. 14-CR-263
Gwin, J.

Defendant Sloan.[5] Moreover, a receipt documents that the money was returned to Correa.[6] Without evidence that the ATF seized any money from Sloan during his arrest, Sloan's motion is meritless.

    For the foregoing reasons, the Court **DENIES** Defendant Sloan's motion for return of property.

    IT IS SO ORDERED.


Dated: January 3, 2017　　　　　　　　　　　　*s/　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[5] ATF Report of Investigation #10, ¶ 3 states, "CPD Detective Tom Hodous removed SLOAN from the UCV and placed him in handcuffs. CPD Detective Colin Ginley removed CORREA from the UCV and placed him in handcuffs. While placing CORREA in handcuffs, Detective Ginley patted down CORREA'S waistband area and recovered a firearm, further described a Walther, model PK380, .380 caliber pistol, s/n PK092547, which was loaded, with six (6) rounds in the magazine including one (1) round in the chamber. SA Howell recovered $640.35 from CORREA'S pocket." Doc. 27 at 1-2.

[6] Doc. 27 at 2.